IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-1579 |
| v. | ) | |
| | ) | |
| TENNESSEE SHELL COMPANY, INC. | ) | |
| and MTU, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's MOTION FOR ORDER PERMITTING SPECIAL METHOD OF SERVICE (Document No. 2). Given the issue, Defendants have, of course, not filed a response.

Plaintiff filed this complaint in Novermber 2007 and since that time has engaged in numerous efforts to serve Defendants, as recounted in the motion and supporting exhibits. Because those efforts have been unsuccessful, Plaintiff now moves for a special order for service by other means pursuant to Pa. R.C.P. 430. Specifically, Plaintiff requests that the Court permit service of the Summons and Complaint on the two corporate defendants by First Class Mail, with a Certificate of Mailing, and by Regular Mail addressed to their principal places of business, with service complete upon mailing and the filing of a Proof of Service. Plaintiff also seeks an extension of time until June 6, 2008 to effectuate such service.

Plaintiff has not cited to any authority in support of its motion. In *Calabro v. Leiner*, 464 F. Supp.2d 470 (E.D. Pa. 2006) (rejecting a similar motion), the Court explained that there are three requirements for obtaining leave for alternative service of process per Rule 430: (1) Plaintiff must show a good faith effort to locate the Defendant; (2) Plaintiff must undertake

practical efforts to serve Defendant under the circumstances; and (3) Plaintiff must show "that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him." *Id.* at 470-71. The Court explained:

> Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Actual notice and the opportunity to be heard are the fundamental components of due process. The burden is on Plaintiff to give Defendants actual notice of the action. *Id.* at 472 n.5.

In this case, the Court will assume that Plaintiff has undertaken practical efforts to serve Tennessee Shell Company, Inc. ("TSC") and MTU, Inc. ("MTU"). However, the record does not articulate the efforts, if any, made to locate the present whereabouts of the Defendants. The averments in the Complaint refer to services provided by Plaintiff through year-end 2006. There is no basis to assume that TSC and MTU are still located at the principal place of business they apparently shared at 2720 Highway 70 East, P.O. Box 609, Camden, Tennessee 38320, as listed in the Complaint and motion. To the contrary, the record reflects that certified mail sent to that address was returned as unclaimed. Plaintiff has not met its burden to demonstrate its efforts to locate Defendants.

Moreover, and more troubling to the Court, the proposed method of alternative service is not reasonably calculated to provide "actual notice" to Defendants. As noted above, mailings to the last-known business address have been unclaimed. Mailing to the registered agent will not suffice either. The record reflects that MTU "has been dissolved in this State and its winding up period has expired. Accordingly, we [Corporation Service Company] no longer are the

2

registered agent." Exhibit J. The record does not reflect any communications with Nancy Arnold, the purported registered agent for TSC, other than that certified mail was refused by her. Exhibit G. TSC's present corporate status is unknown. Plaintiff asks the Court to deem service to have been effectuated by the mere act of mailing the summons and complaint to Defendants' former principal place of business. Yet the record reflects that numerous similar efforts directed at that address have proven to be ineffective, and that MTU has been dissolved. The Court cannot conclude that this method is reasonably calculated to provide actual notice to Defendants.

Plaintiff has certainly engaged in diligent efforts to serve Defendants and has shown good cause for its failure to do so within the 120 days provided by Fed. R. Civ. P. 4(m). Thus, even though the Court is unwilling to issue a special order pursuant to Rule 430, the Court is willing to extend the time for service by an appropriate period. *Id.* Plaintiff requested an extension until June 6, 2008 in the expectation that its request for a special order would be granted. Given the need to locate Defendants, the Court concludes that the "appropriate period" for an extension of time for service is sixty (60) days, or until July 1, 2008.

In accordance with the foregoing, Plaintiff's MOTION FOR ORDER PERMITTING SPECIAL METHOD OF SERVICE (Document No. 2) is **GRANTED IN PART AND DENIED IN PART**. The time for effectuating service is extended by 60 days, until July 1, 2008. The Court denies without prejudice the request for a special order for service pursuant to Pa. R.C.P. 430 on this record.

SO ORDERED this 1st day of May, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

3

cc: John R. O'Keefe, Jr., Esquire
   Email: jokeefe@metzlewis.com